Matter of the Estate of LEO B. HICKEY, Deceased.

(Surrogate's Court, New York County, October, 1920.)

Wills — nuncupative — letters of soldier in active service granted probate — Code Civ. Pro. § 2611.

> Where proof showing testamentary capacity and apprehension of death is corroborated by two witnesses as required by section 2611 of the Code of Civil Procedure, such portions of two letters written by one while in the active military service

Surrogate's Court, New York County, October, 1920. [Vol. 113.

of the United States in the recent war, and relating to the distribution of his personal property, will be admitted to probate as his last will.

Proceedings upon the probate of a nuncupative will of a soldier.

Higley, Sherman & Booth, for petitioners.

John P. Booth, special guardian for Anna Hickey.

William J. Burke, special guardian for Thomas Hickey.

Foley, S. The proponent offers for probate portions of two letters from the deceased — a soldier — as his will of personal property. These letters were written by him while in active service in the United States army in the recent war. They are dated May 26, 1918, and August 6, 1918. One of the letters was written from a hospital in which he was a patient. He died October 20, 1918. The deceased had applied for war risk insurance and in his application he endeavored to make his sister, an infant, the beneficiary of the policy. It further appears he was informed that this could not be done because of her infancy. The policy was therefore made payable to his estate. Decedent stated in one of his letters, " Did you ever receive my insurance policy from the government? I tried to make it payable to you, but they said it would have to be one of my parents or brother or sister over twenty-one, so I had to make it out to myself, but Sis will get the money if anything does happen to me." In the other letter he states, " My insurance is made out to Nan," referring to his only sister Anna. The formalities required by law for the execution of a will were not complied with, but the directions in the letters must be regarded as a legal will under section 16 of

the Decedent Estate Law, which provides: " No nun-cupative or unwritten will, bequeathing personal estate shall be valid, unless made by a soldier while in actual military service, or by a mariner, while at sea." A case almost similar in circumstances is to be found in *Botsford* v. *Krake*, 1 Abb. Pr. (N. S.) 112, where an officer of the United States army in May, 1864, wrote and sent a letter to his sister stating that if he was killed or did not return he wanted her to have his prop-erty.  The letter was there admitted to probate as a valid will.  The theory of the law is that, from the absolute necessities of military service, the solemn and formal rules as to testaments are relaxed in favor of soldiers.  *Hubbard* v. *Hubbard,* 8 N. Y. 196; *Matter of O'Connor,* 65 Misc. Rep. 403.  The proof shows capacity *animus testandi,* apprehension of death and the cor-roboration by two witnesses required under section 2611 of the Code of Civil Procedure.  The portions of the letters relating to the disposition of decedent's property are admitted to probate.

Decreed accordingly.